# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE VIEW WEST CONDOMINIUM
ASSOCIATION, INC.,

        Debtor.

Case No.: 08-11561-RAM

Chapter 11

## Z JEFF ROOFING, INC.'S MOTION FOR STAY RELIEF
## TO PROCEED TO FORECLOSURE SALE

**Any interested party who fails to file and serve a written response to this motion within fifteen (15) days after the date of service stated herein shall, pursuant to L.R. 4001-1(c), be deemed to have consented to entry of an order granting the relief requested in this motion.**

**Z JEFF ROOFING, INC. d/b/a Z ROOFING,** (hereinafter "Z Roofing"), a secured creditor, by and through undersigned counsel, and pursuant to 11 U.S.C. §362, Fed.R.Bank.P. 4001-1, and Local Rule 4001, 11 U.S.C., requests stay relief to proceed ion state court for the purpose of obtaining a final judgment permitting Z Roofing to proceed foreclosure sale of the real property securing its interest, and in support thereof states the following:

### Background and History of Proceedings

1.      Z Roofing is a secured creditor that performed construction related services pursuant to a contractual agreement with View West Condominium Association, Inc. (hereinafter "View West"). *See* View West's Voluntary Petition (listing Z Roofing as a secured creditor and stating the value of its collateral securing the claims as "unknown"). Z Roofing filed Claim of Lien on the property recorded at OR Book24584, Page 3208 (hereinafter "Lien"), which Lien encumbers all common property, managed and/or controlled by View West, and all units managed and/or controlled by View West, proportionately to each unit owner's respective share.

2.      After Z Roofing initiated litigation against View West to recover the outstanding balance due under the contract and secured by its valid and enforceable Lien, after View West served its Answer and Affirmative Defenses, after discovery closed, and on the eve of pre-trial conference and trial, the parties entered into a settlement agreement. *See* Stipulation for Settlement (entered Nov. 2007) (a copy of which is attached hereto as Exhibit "A").

3.      Pursuant to the Stipulation for Settlement, View West agreed to make two (2) payments to Z Roofing, such that the Association would receive a substantial discount for the work after having delayed payment to Z Roofing for months on end. *See* Ex. A, at ¶2(a)-(d). Failure to timely make payments enabled Z Roofing to obtain Final Judgment in the higher Judgment Amount.

4.      View West broke its promise and failed to timely make the first payment, instead negotiating for a forbearance to make a belated first payment. As part of the forbearance, it was understood that Z Roofing would be paid its attorneys' fees and costs (in the amount of approximately $3,665), which arose from View West's demands for Z Roofing to execute modified partial lien releases in a form it wanted, but which differed from the Florida Statutory release AND for the fees and costs associated with negotiating the forbearance.

5.      Then, after requesting a one month extension of time from Z Roofing to make its second and final payment of $125,000.00, such that this final payment to Z Roofing was due and owing by no later than February 12, 2008, on February 11, 2008, View West filed the instant bankruptcy action seeking relief. Very clearly, as a perusal of the petition and schedules reflect, Z Roofing is nearly the only creditor of the Association, and the property subject to its Lien, about the only property of the Debtor.

6.      By virtue of the automatic extension provided for by 11 U.S.C. §108, View West received the benefit of sixty (60) additional days within which to satisfy its obligations pursuant to the Stipulation for Settlement (through April 12, 2008).  To date View West has failed to tender the payment due and owing to Z Roofing under the parties' agreement.

7.      The parties' Stipulation for Settlement states that in the event View West defaults on its payment obligations, "Z-Roofing shall [be] entitled to the entry of a Judgment in the amount of $165,616.93, together with any additional or outstanding attorneys' fees and costs, without further notice or hearing." Ex. A, ¶4. The Judgment amount of $165,616.93 represents the full amount due and owing Z Roofing pursuant to its Lien.[1]

8.      On or about May 15, 2007, Z Roofing filed an action to recover the full amount due and owing pursuant to the parties' Stipulation for Settlement and Z Roofing's Lien. *See* Amended Compl. For Mechanic's Lien Foreclosure/Enforcement (filed June 8, 2007) (attached hereto as Exhibit "B"). Said action has been stayed pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. §362.

9.      Z Roofing seeks relief from the automatic stay in accordance with 11 U.S.C. §362(d)(1) & (2) to execute on its lien and proceed in state court with its claim so that it may obtain a final judgment and set a foreclosure sale for the View West Condominium Property securing its Lien (hereinafter "Property"), which Property includes of all of the condominium units thereon, so that Z Roofing may recover the monies due and owing it by View West.

10.     Although View West asserts that it has a valid interest and a need for effective reorganization in this proceeding, View West has presented no plan for an effective

---

[1] However, $46,335 must be reduced from that stated amount by virtue of View West's payment of $50,000 on January 22, 2008 (less the allocation of $3,665 for attorney fees).

reorganization.[2] Rather, at the Meeting of Creditors held on March 13, 2008, counsel for View West informed Z Roofing that View West has been turned down for financing, and there is no record evidence of any attempt to assess unit owners to pay Z Roofing's claim. Furthermore, there is no record evidence of View West having sufficient funds with which to pay Z Roofing's claim, or adequate protection thereon.

11.    Since the automatic stay has taken effect, View West has taken no action to preserve the value of the Property securing Z Roofing's Lien nor has it taken action to satisfy any creditors' claims. Rather, the Property continues to devaluate as waste occurs due to View West's failure to timely pay the tax assessments (*see* Voluntary Petition, at 4), which continues to devaluate the collateral securing Z Roofing's Lien.

12.    The bankruptcy record reflects no efforts to reorganize, to pursue any claims that would lead to any recovery from which to pay Z Roofing's Lien, no efforts to refinance or to pass any special assessment and no efforts to address Z Roofing's request for adequate protection.

**WHEREFORE**, Secured Creditor, Z JEFF ROOFING, INC. d/b/a Z ROOFING requests that this Court enter an Order granting Z Roofing relief from stay to proceed to final judgment in state court and foreclosure sale of the Property, and for such other and further relief as is just and proper.

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court as set of forth in Local Rule 2090-1(A).

---

[2] There has also been no filing whereby View West is seeking a special assessment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this _24th_ day of April, 2008 by U.S. Mail upon all parties on the attached service list.

**CARLA M. BARROW, P.A.**
2000 Ponce de Leon Blvd., Suite 525
Miami, FL 33134
Telephone: 305.529.6246
Facsimile: 305.529.6236
Attorney for Z Roofing, Inc.

By: _____
    **CARLA M. BARROW**
    Fla. Bar No. 797227

## SERVICE LIST

Florida Department of Revenue
UT Collections 1379
1379 Blountstown Hwy.
Tallahassee, FL 32304-2716

Francisco Aguero, P.A.
2655 Le Jeune Rd.
Miami, FL 33134

Keith Merrill, Esq.
Keith J. Merrill, P.A.
1320 South Dixie Highway, #731
Miami, FL 33146-2938

Miami Dade County Code Enforcement
111 NW 1st St. #1750
Miami, FL 33128

Miami-Dade County Tax Collector
111 W. Flagler Ave.
Miami, FL 33130

Plumbing Masters
13959 SW 140th St.
Miami, FL 33186

Doug Snyder, Esq.
Keith J. Merrill, P.A.
1320 South Dixie Highway, #731
Miami, FL 33146-2938

12/13/2007  16:51   3056678
12/11/2007 TUE 14:40  FAX                                            MERRILL SNYDER                               PAGE   02/05
                                                                                                                 @003/006

12/04/2007  16:56   3056678525
                                                               MERRILL SNYDER                              PAGE   02/05

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 07-4127 CA 30

Z-ROOFING, INC.,

      Plaintiff,

      vs

VIEW WEST CONDOMINIUM ASSOCIATION,
INC., individually, and jointly and Severally as Class
Representative of All Unit Owners in Buildings 15645,
15655, 15675, 15680, 15685, 15690 and 15695 and the
Clubhouse.

      Defendant(s).

_____/

## STIPULATION FOR SETTLEMENT

PLAINTIFF, Z-ROOFING, INC. ("Z-ROOFING"), and the Defendant, VIEW WEST CONDOMINIUM ASSOCIATION, INC. ("VIEW WEST"), each acting through its authorized representative do hereby agree and stipulate to settle the litigation herein on the following terms and conditions:

    1     Z-ROOFING sued VIEW WEST., alleging that VIEW WEST was duly and justly indebted to Z-ROOFING, INC., in the amount of $322,616.93, less five (5) payments made ("Initial Payments"), thus reducing the balance owed to $215,616.93.  VIEW WEST served an Answer and Affirmative Defenses denying the amounts alleged to be due and contesting Z-ROOFING'S enforcement of its lien in the amount of $215,616.93. Specifically, VIEW WEST contested certain "extras" charged by Z-ROOFING as part of its final contract price; Z-ROOFING contends the entire amount is legitimately part of its lien, together with interest, attorneys' fees and costs.

    2.     Without either party admitting fault nor waiving its allegations, Z-ROOFING AND VIEW WEST have agreed to fully and finally resolve the pending litigation in order to avoid the costs and uncertainty of further litigation as follows:

EXHIBIT
A

12/04/2007 16:55 3056678629 MERRILL SNYDER PAGE 03/05

a.  Upon execution of this Stipulation, VIEW WEST shall make immediate payment to Z-ROOFING, payable by certified check or money order to Z-ROOFING, in an amount no less than $50,000 ("First Deposit");

b.  Additionally, upon execution of this Stipulation, VIEW WEST shall make immediate payment by check or money order to Z-ROOFING, in the amount of $ _8,500_ and in any event no more than $10,000.00 ("Fees/Costs Payment"), for the incurrence by Z-ROOFING of reasonable attorneys' fees and costs;

c.  Upon clearance of the First Deposit and the Fees/Costs Payment, Z-ROOFING shall execute and deliver to VIEW WEST a partial release of its Lien, recorded at OR Book 24584, Page 3208 in the amount of the First Deposit and Fees/Costs Payment. Z-ROOFING will also execute in favor VIEW WEST corrective releases relating to VIEW WEST's Initial Payments, provided the releases are acceptable to its counsel and are prepared by VIEW WEST's counsel. VIEW WEST shall be responsible for the cost and act of recording the releases, including corrective releases, and providing Z-ROOFING with proof of such recording.

d.  VIEW WEST shall make a second, final payment by certified check or money order to Z-ROOFING in the amount of $125,000 ("Final Payment"), by no later than January 17, 2008. Provided all other terms of the Stipulation have been performed, upon clearance of the January Payment, Z-ROOFING shall execute a Final Release of its Lien in favor of VIEW WEST, which release shall be prepared by VIEW WEST's counsel in a form satisfactory to Z-ROOFING. VIEW WEST shall be responsible for the cost and act of recording the final release and providing Z-ROOFING with proof of such recording.

3.  Upon clearance of Final Payment, View West may submit to the trial court a form of stipulated dismissal acceptable to counsel for Z-Roofing. Otherwise, this Court shall maintain jurisdiction over this cause to enforce the terms of settlement.

4.  In the event VIEW WEST CONDOMINIUM ASSOCIATION, INC., defaults under the terms of this agreement, default being defined as failure to pay the Final Payment referenced in paragraph "d", within 5 days of the due date, Z-ROOFING, INC., shall give notice of such default by fax to Keith J. Merrill at 305.667.8529 or personal delivery. If View West fails to cure the default within five business days of such notice of default, Z-Roofing shall entitled to the entry of a Judgment in the amount of $165,615.93, together with any additional or outstanding attorneys' fees and costs, without further notice or hearing.

5.  It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise doubtful and disputed claims, avoid litigation, and buy peace, and that no payments made nor releases or other consideration given shall be construed as an admission of liability, all liability being expressly denied.

6.  The Parties agree to execute any other and further documents necessary to carry out the terms of this agreement.

7.  This agreement supersedes any and all other agreements, either oral or in writing, between the parties with respect to the subject matter of this agreement. Each party to this agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party, or anyone acting on behalf of any party, that are not set forth in this agreement, and that no agreement, statement, or promise not contained in this agreement shall be valid or binding

8.  The Parties warrant that they have read this agreement and fully understands it to be a compromise and settlement, that they have been represented by independent counsel of their own selection in the negotiation and execution of this agreement and

the settlement set forth herein. The Parties further warrant that they are of legal age and legally competent to execute this agreement, and that they do so of their own free will and accord without reliance on any representation of any kind or character not expressly set forth herein.

DATED THIS _____ day of November, 2007.

KEITH J. MERRILL, P.A.
1320 South Dixie Highway
Suite 731
Coral Gables, Florida 33146
(305) 663-0506

By: _____
KEITH J. MERRILL, ESQ.

VIEW WEST CONDOMINIUM ASSOCIATION, INC.,

By: _____
Its: _____

CARLA M. BARROW, P.A.
2000 Ponce de Leon Blvd.
Suite 501
Miami, Florida 33134

By: _____
CARLA M. BARROW, ESQ.
12/14/07

Z-ROOFING, INC.,

By: _____
Its: _____

KJM/sl

the settlement set forth herein. The Parties further warrant that they are of legal age

and legally competent to execute this agreement, and that they do so of their own free

will and accord without reliance on any representation of any kind or character not

expressly set forth herein.

DATED THIS _____ day of November, 2007.

KEITH J. MERRILL, P.A.
1320 South Dixie Highway
Suite 731
Coral Gables, Florida 33146
(305) 663-0506

By: _____
    KEITH J. MERRILL, ESQ.

VIEW WEST CONDOMINIUM ASSOCIATION, INC.,

By: _____
Its: _____


CARLA M. BARROW, P.A.
2000 Ponce de Leon Blvd.
Suite 501
Miami, Florida 33134

By: _____
    CARLA M. BARROW, ESQ.

Z-ROOFING, INC.,


By: _____
Its: _____


KJM/sl

the settlement set forth herein. The Parties further warrant that they are of legal age and legally competent to execute this agreement, and that they do so of their own free will and accord without reliance on any representation of any kind or character not expressly set forth herein.

DATED THIS _____ day of November, 2007.

KEITH J. MERRILL, P.A.
1320 South Dixie Highway
Suite 731
Coral Gables, Florida 33146
(305) 663-0506

By: _____
     KEITH J. MERRILL, ESQ.


VIEW WEST CONDOMINIUM ASSOCIATION, INC.



By: _____
Its: Treasurer


CARLA M. BARROW, P.A.
2000 Ponce de Leon Blvd.
Suite 501
Miami, Florida 33134

By: _____
     CARLA M. BARROW, ESQ.


Z-ROOFING, INC.,



By: _____
Its: President


KJM/sl

EXECUTIVE NATIONAL BANK
9600 N. KENDALL DRIVE • MIAMI, FL 33176

No. 135038

CASHIER'S CHECK
NOTICE TO CUSTOMERS
THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED
BEFORE ANY OFFICIAL CHECK OF THIS BANK WILL BE REPLACED
OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED OR STOLEN.

December 19, 2007

REMITTER    VIEW WEST CONDO

FIFTY THOUSAND DOLLARS AND ZERO CENTS                    $50,000.00

PAY TO THE
ORDER OF    *Z-ROOFING*

$10,000.00 AND OVER REQUIRES TWO SIGNATURES

AUTHORIZED SIGNATURE

⑈135038⑈ ⑆067008155⑆ 030000280⑈

**UNITED STATES**
**BANKRUPTCY COURT**
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

# 277716    —  JB

April 29, 2008