M66

ORDERED in the Southern District of Florida on July 14, 2008

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>VIEW WEST CONDOMINIUM ASSOCIATION, INC.,<br><br>Debtor. | CASE NO. 08-11561-BKC-RAM<br>CHAPTER 11 |

**ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION TO AUTHORIZE UNIT SALES**

The Court conducted a hearing on July 10, 2008, on the Debtor's Motion to Authorize Sale or Refinance of Unit 4-3 and 1/120 of Common Area of View West Condominium Controlled by Debtor in Possession View West Condominium Association Free and Clear of Liens Pursuant to 11 U.S.C. §363 ("Motion to Sell Unit 4-3") [CP# 30], and two essentially identical sale motions, relating to Units 3-9 and 2-14 ("Motion to sell Unit 3-9") [CP#

36], and ("Motion to Sell Unit 2-14") [CP# 41]. The three motions will be collectively referred to as the "Unit Sales Motions").

Z-Roofing, Inc. ("Z-Roofing"), filed an Objection to Debtor's Motions to Sell Units Free and Clear of Liens ("Z-Roofing's Objection") [CP# 48]. Z-Roofing has a claim against the Debtor for construction work and its Claim of Lien allegedly attaches to each unit owner's property in the amount of each unit owner's proportional share of common expenses. Z-Roofing objects to this Court approving a sale under 11 U.S.C. §363 of property (namely, the units) that is not property of the Debtor's estate.

For the reasons stated on the record, which are incorporated here by reference, the Z-Roofing Objection is sustained. Section 363 of the Bankruptcy Code does not authorize the Debtor, which is a condominium association, to sell the unit owner's property free and clear of liens.

In short, this Court lacks jurisdiction over each unit owner's property and cannot adjudicate the amount of the liens which may exist on the individual units. Therefore, to the extent the Unit Sales Motions seek approval of units sales free and clear of liens under §363, the Unit Sales Motions will be denied.

The Unit Sales Motions will be granted in part. To the extent the Debtor is required to execute any documents or provide information in connection with the sales of units, the Debtor

will be authorized to take such actions by this Order.

Although the Court lacks jurisdiction to determine Z Roofing's lien claims against the units, Z Roofing indicated a willingness to work with the unit owners to determine a fair release price. As the Court understood it at the hearing, in concept, Z Roofing agreed that the existing lien amounts against the units would be reduced to the extent that a unit owner paid the Debtor all or part of the special assessment imposed to satisfy Z Roofing's claim subject to determining what portion of the Z Roofing assessments collected by the Debtor were actually paid to Z Roofing. For example, if a unit owner paid $4,000 to the Debtor on the Z Roofing Assessment and 80% of what the Debtor collected on Z Roofing assessments was paid to Z Roofing, Z Roofing's lien against that unit owner would be reduced by $3,200 (80% of $4,000).

The foregoing discussion of release prices is intended to memorialize the framework which Z Roofing's counsel suggested would be acceptable. It is not meant to compel Z Roofing or the unit owners to adopt this structure. Z Roofing and Miami-Dade County (which may have tax liens against the individual units) may seek to enforce these liens to the extent allowable under state law or may choose to release these liens, with or without payment from the unit owners.

For the foregoing reasons, it is -

**ORDERED** as follows:

1. The Unit Sales Motions are granted in part. The Debtor is authorized to take whatever action would be required under the applicable condominium documents or applicable state law to facilitate the sales of individual units.

2. Except as provided in paragraph 1, the Unit Sales Motions are denied. This Court lacks jurisdiction to authorize sales of property that is not property of the estate or to adjudicate the amount or validity of liens against such property.

###

7-14-08
MGG

COPIES TO:

Douglas J. Snyder, Esq.
Carla Barrow, Esq.