**ORDERED in the Southern District of Florida on** July 29, 2008

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In re:<br><br>VIEW WEST CONDOMINIUM<br>ASSOCIATION, INC.<br><br>Debtor. | ) | Case No. 08-11561-BKC-RAM<br><br>Chapter 11 |

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 10, 2008, Z Roofing, Inc. ("Z Roofing") filed its Motion for Reconsideration (CP# 52) of the Court's Order Granting Partial Stay Relief (CP# 46). The Order Granting Partial Stay Relief, entered following a hearing on June 19, 2008, modified the automatic stay, permitting Z Roofing to seek entry of a judgment of foreclosure but not to proceed to a sale. This modification was expressly conditioned upon "Z Roofing filing a motion for entry of judgment and setting hearing on the motion, to allow the Debtor to raise any defenses it may have to enforcement of the Stipulation for Settlement." (Order Granting Partial Stay Relief ¶ 3.)

Relying on §362(d)(3), Z Roofing asks the Court to reconsider and enter complete relief from stay. Although Z Roofing raised the §362(d)(3) argument at the June 19th hearing, the Court did not then consider the argument because it was not raised in Z Roofing's Motion for Stay Relief (CP# 24). The (d)(3) argument, however, was raised in a supplement to the Motion for Stay Relief, and, although not docketed, that supplement was timely served on the Debtor. Therefore, the Court will consider the (d)(3) argument de novo, not subject to the normal standards for reconsideration. Nevertheless, for the reasons more fully explained below, the Motion for Reconsideration is denied.

First, the Court finds that §362(d)(3) does not apply to this case because the Debtor's property is not single asset real estate.[1] Section 101(51B) of the Bankruptcy Code provides:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B) (2006). Thus, there are three elements that must be met for a debtor to be considered a single-asset real estate debtor: "(1) the debtor must have real property constituting a single property or project (other than residential real property with fewer than 4 residential units), (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto." In re Scotia Pacific Co., LLC, 508 F.3d 214, 220 (5th Cir. 2007).

The Debtor fails the first prong because its interest in the common elements does not

---

[1] Although the Debtor checked the box on the petition indicating that this was a single-asset real estate case, that determination is a legal one that must ultimately be made by the Court. Fed.R.Bankr.P. 1020, cited by Z Roofing, is irrelevant because it concerns not "single asset real estate" but whether a debtor is a "small business debtor."

constitute a single property or project. Under the Condominium Act, Fla. Stat. § 718.101 et. seq. (2007), the common elements of a condominium are appurtenant to the units. Fla. Stat. § 718.106(2)(a) (2007) ("[t]here shall pass with a unit, as appurtenances thereto: [a]n undivided share in the common elements and common surplus"). The statute requires that "the undivided share in the common elements which is appurtenant to a unit . . . shall pass with the title to the unit." Fla. Stat. § 718.107(1) (2007). Moreover, the statute prevents separating the undivided share in the common elements from a unit, and prevents conveying or encumbering the share in the common elements without the unit. Fla. Stat. §§ 718.107(1) & (2) (2007). See also Brown v. Rice, 716 So.2d 807, 809 (Fla. 5th DCA 1998) (holding quit-claim deed purporting to convey parking spot from one unit owner to another unit owner invalid because common elements may not be separately conveyed from units). Without passing on the precise nature of the Debtor's interest, if any, in the common elements, that interest is so significantly circumscribed by statute that it does not rise to the level of a "single property or project" within the meaning of §101(51B).

Second, the Court finds that even if §362(d)(3) applies, the Court is not required to enter complete relief from stay. Section 362(d) provides in pertinent part that

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, *such as by terminating, annulling, modifying, or conditioning such stay*

(emphasis added). By the plain language of §362(d), the Court must grant relief from stay to a party in interest if that party demonstrates that one of the §362(d) subsections are met. Section 362(d), however, does not mandate complete relief from stay. In particular, §362(d) specifically gives the Court the discretion to modify or condition the stay rather than to terminate or annul the stay. In re

Planet 10, L.C., 213 B.R. 478, 481 (Bankr. E.D.Va. 1997) (conditioning stay relief to allow trustee a reasonable time to proceed with 363 sale); In re Archway Apartments, Ltd., 206 B.R. 463, 465 (Bankr. M.D.Tenn. 1997) (relief from stay under 362(d) does not mandate terminating stay). But see 3 Collier on Bankruptcy at ¶ 362.07[5][b] ("[a]lthough technically the court may condition or modify the stay rather than terminating it, it appears that the legislative intent was to terminate the stay when the debtor neither proposes a viable plan nor makes payments to the secured party. A court should refuse to terminate the stay only when there is a strong reason for offering lesser relief.") (footnote omitted). Thus, although the statute leaves the bankruptcy court no discretion whether to grant relief from stay, it does leave the scope and extent of that relief to the bankruptcy court's discretion. Archway, 206 B.R. at 465 (Congress left to the bankruptcy court the discretion to fashion appropriate relief for a debtor's failure to comply with §362(d)(3)).

Here, a strong reason to provide tailored rather than complete relief from stay arises from the likelihood of a successful reorganization. The key to this reorganization is the Debtor's power to impose assessments. This power is real, not theoretical, because the condominium is fully occupied. This financial resource distinguishes the Debtor from the ordinary single-asset real estate case where the debtor is the developer of an unfinished project with no hope of finding additional financing.

Finally, in addition to seeking complete relief from stay, Z Roofing asks the Court to set a deadline for the Debtor to impose a special assessment. This argument is raised for the first time in the Motion for Reconsideration. Therefore, the Court finds it appropriate to deny this request without prejudice to it being sought in the appropriate procedural posture.

Accordingly, it is –

**ORDERED** as follows:

1. The Motion for Reconsideration is denied.

2. The Order Granting Partial Stay Relief remains in effect, including the limitations set forth in paragraphs 3 and 4 of that Order.

###

Copies Furnished To:

Carla M. Barrow, Esq.
(Attorney Barrow is directed to serve a copy of this Order on all interested parties.)